# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CATRIONA DORA PARKER,**

      **Plaintiff,**

**v.**                                         **Case No:   6:13-cv-521-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## AMENDED REPORT AND RECOMMENDATION[1]

The Plaintiff Catriona Dora Parker (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits.  Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to account for Claimant's moderate limitation in concentration, persistence, and pace in his residual functional capacity ("RFC") determination and at step-five of the sequential evaluation process in the hypothetical question to the vocational expert ("VE"); and 2) failing to provide substantial evidence supporting the ALJ's credibility determination.  Doc. No. 17 at 5-14.  For the reasons that follow, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

---

[1] The Report and Recommendation (Doc. No. 19) is amended solely to reflect that the Conclusion section (*see* infra p. 7) recommends that the case be reversed and remanded, and the Clerk be directed to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**I.     STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n. 3 (11th Cir. 1991).  The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.    ANALYSIS.**

**A. Concentration, Persistence, and Pace.**

Claimant argues that the ALJ's RFC determination and hypothetical to the VE did not adequately reflect her mental limitations.  Doc. No. 17 at 7-12.  Specifically, Claimant argues that the ALJ's RFC determination and hypothetical to the VE do not adequately reflect her moderate limitations in maintaining concentration, persistence, and pace.  Doc. No. 17 at 7-12 (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179-81 (11th Cir. 2011)).  Since the ALJ relied on the VE's testimony in response to the ALJ's hypothetical question to find that there are jobs in the national economy that she can perform, Claimant contends that the ALJ's decision is not supported by substantial evidence.  Doc. No. 17 at 8-12.  The Commissioner maintains that the ALJ's finding at step-five is supported by substantial evidence because the ALJ's RFC and hypothetical question limited the Claimant to a "low stress position."  Doc. No. 18 at 5-7.

During the hearing, the ALJ posed the following hypothetical question to the VE:

> Q: Assume I find that the Claimant is 45 years old, has a high school education, plus a year of vocational school. Assume further that she could perform light work, but is further limited by the following exertional and non-exertional impairments. She needs to avoid ladders or unprotected heights. She needs to avoid the operation of heavy moving machinery. She needs a low stress work environment. She can occasionally bend, crouch, knee[l], stoop, squat, or crawl. She needs to avoid the push pull arm controls. Can the claimant perform any of her past work and if so, which jobs?
>
> A: No, sir, the past work is eliminated with these restrictions.
>
> Q: All right. Let's go down to entry level and assume the claimant has no skills or semi-skill at all and that she's the age I previously described, has the work experience and education previously stated. Assume further that she could perform light work and has the same exertional and nonexertional limitations I originally described. Are there any entry level jobs the Claimant could perform . . .?
>
> A: Yes, sir. . . .

R. 48-49. Given these limitations, the VE testified that Claimant could perform the jobs of ticker seller, dining room attendant, and order clerk. R. 49.

In the ALJ's decision, at step-two, he determined that Claimant has the following severe impairments: carpal tunnel syndrome, disorders of the spine, Lyme's disease, obesity, fibromyalgia, affective disorder, and anxiety. R. 19. In determining the severity of Claimant's mental impairments, *i.e*, affective disorder and anxiety, the ALJ found that Claimant has moderate functional limitations in concentration, persistence or pace, stating:

> With regard to concentration, persistence or pace, the claimant had moderate difficulties. The claimant was able to discuss her symptoms and limitations in a coherent manner. She was able to operate a computer, read, do word searches, and shop. Her performance of these tasks shows that her difficulties were only moderate.

R. 20. The ALJ generally states that his RFC assessment "reflects the degree of limitation the [ALJ] has found in the . . . mental function analysis." R. 21.

The ALJ determined that Claimant retains the RFC to perform light work with the following additional limitations:

> The claimant is able to occasionally lift and carry 20 pounds, and she is able to frequently lift and carry 10 pounds. She must avoid ladders and unprotected heights. She must avoid the operation of heavy, moving machinery. She needs a low stress position. She is able to occasionally bend, crouch, kneel, stoop, squat and crawl. She must avoid push and pull arm controls.

R. 21. In making this finding, the ALJ thoroughly discussed the medical and opinion evidence, and no party has raised any issue as to the accuracy of the ALJ's summary of the evidence. R. 22-24; Doc. Nos. 17-18. The ALJ states the following with respect to Claimant's mental health issues:

> [S]he has not received any treatment from a mental health professional. She has only received medications from her primary care physician. She is independent in her activities of daily living. She has relationships with relatives and friends, and she is able to use a computer and do word search puzzles. No mental health professional opined that the claimant is disabled, and no mental health professional imposed significant limitations upon the claimant. The [ALJ] made allowances in the [RFC] for the claimant's mental ailments.

R. 23-24. At step-five of the sequential evaluation process, based on the VE's testimony, the ALJ found that there are a significant number of jobs in the national economy that Claimant can perform. R. 25.

At step-five, the Commissioner bears the burden to show that, in light of the claimant's RFC and other factors, there exist a significant number of jobs in the national that the claimant can perform. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If such jobs exist, then the claimant is not

disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). An ALJ may make this determination based on the VE's response to hypothetical questions that contain the claimant's limitations. *See Winschel*, 631 F.3d at 1180.

For the VE's testimony to constitute substantial evidence, the ALJ's hypothetical question need not include "each and every symptom of the claimant," but must include "all of the claimant's impairments." *Ingram v. Commissioner of Social Security,* 496 F.3d 1253, 1270 (11th Cir. 2007). In *Winschel*, the Eleventh Circuit held that if a claimant is found to suffer moderate limitations in concentration, persistence, and pace, the ALJ must either "indicate that medical evidence suggested [that claimant's] ability to work was unaffected by [those] limitation[s]," or include those limitations, either explicitly or implicitly, in the hypothetical question(s) posed to the VE. *Winschel*, 631 F.3d at 1181.

The Commissioner argues that the ALJ's RFC and hypothetical question "accommodates [Claimant's] moderate limitations in concentration, [persistence or pace because] it calls for a 'low stress position.'" Doc. No. 18 at 5-6. While the ALJ stated that his RFC accounts for Claimant's mental ailments and limitations (R. 21, 24), the only such limitation contained in the RFC and hypothetical questions was the need for a "low stress position." R. 21. "The category of concentration, persistence or pace refers to the 'ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings.'" *Moore v. Colvin*, 2013 WL 1278085 at *7 (M.D. Fla. Mar. 28, 2013) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00). Since *Winschel*, Courts in this district have found that a restriction solely to low stress work or the avoidance of unusual stress in the RFC and hypothetical question does not adequately account for a claimant's moderate (as opposed to mild) limitations in concentration, persistence or pace. *Haynes v. Astrue*, 2012 WL 4466478

at *7 (M.D. Fla. Sept. 27, 2012) (citing *Brunson v. Astrue*, 850 F.Supp.2d 1293 (M.D. Fla. 2011); *Berry v. Astrue*, 2011 WL 1135091 (M.D. Fla. Mar. 28, 2011)).[2] The court finds those cases persuasive.

In this case, the ALJ found Claimant's mental impairments severe at step-two, which result in moderate limitations in concentration, persistence or pace. R. 19-21. Then, although the ALJ stated that he incorporated those limitations into the RFC, the RFC and hypothetical question do not account for those limitations either explicitly or implicitly. R. 21, 23-24; *see Winschel*, 631 F.3d at 1181; *Haynes*, 2012 WL 4466478 at *7 (M.D. Fla. Sept. 27, 2012) (citing persuasive authority).[3] Thus, the ALJ's decision is not supported by substantial evidence, and the case must be remanded for further proceedings.[4]

## III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court:

---

[2] The Commissioner relies on *Camarillo-Ngo v. Astrue*, 2010 WL 1257474 at *3-10 (M.D. Fla. Mar. 29, 2010), for the proposition that an ALJ adequately accounts for moderate limitations in concentration, persistence or pace by limiting a claimant to a low stress job in the RFC and hypothetical question. Doc. No. 18 at 7. The RFC in *Camarillo-Ngo* is materially similar to the RFC in this case, but the case was decided before the Eleventh Circuit's holding in *Winschel*. Accordingly, the court does not find *Camarillo-Ngo* persuasive.

[3] Since *Winschel*, the Eleventh Circuit has recognized that a hypothetical question could sufficiently account for moderate limitations in concentration, persistence, and pace by including restrictions to simple or routine tasks, unskilled work, and/or one to two step tasks, if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite such limitations. *See, e.g.*, *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 907 (11th Cir. 2013); *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950-1 (11th Cir. 2013); *Washington v. Soc. Sec. Admin., Comm'r*, 503 F. App'x 881, 883 (11th Cir. 2013); *Scott v. Comm'r of Soc. Sec.*, 495 F. App'x 27, 29 (11th Cir. 2012); *Syed v. Comm'r of Soc. Sec.*, 441 F. App'x 632, 634-5 (11th Cir. 2011); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 871-2 (11th Cir. 2011). However, the ALJ's RFC and hypothetical question in this case contained no such limitations. R. 21, 48-49. The court is unaware of any case from the Eleventh Circuit, post-*Winschel,* and the Commissioner has not provided none, finding a limitation solely to "low stress positions" adequately accounts for a claimant's moderate limitations in concentration, persistence or pace.

[4] On remand, the ALJ will necessarily have to reconsider all of the evidence and formulate a new RFC. In doing so the the ALJ will also have to make a new credibility determination. Accordingly, based on the ALJ's errors in determining the RFC and at step-five of the sequential evaluation process, it is unnecessary to determine whether the ALJ's credibility determination is supported by substantial evidence.

1. **REVERSE and REMAND** the final decision of the Commissioner for further proceedings;

2. Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 10, 2014.

_____
THE HONORABLE PAUL A. ZOSS
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Robert Droker
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224